UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. **23-20483-CR-ALTMAN(s)**

**UNITED STATES OF AMERICA**

vs.

**MICHAEL JARRETT,**

    **Defendant.**

_____/

**GOVERNMENT'S RESPONSE TO
THE STANDING DISCOVERY ORDER**

The United States hereby files this response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16.

- A. 1. On August 1, 2025, the Government provided a copy of the defendant's video recorded counseled interview with law enforcement.

    A copy of the recorded statements of all co-defendants who made statements was made available for copy and inspection on July 21, 2025, by providing a 2 TB hard drive to the Government.

  2. On August 1, 2025, the Government provided a copy of the defendant's video recorded counseled interview with law enforcement.

    A copy of the recorded statements of all co-defendants that made statements was made available for copy and inspection on July 21, 2025, by providing a 2 TB hard drive to the Government.

  3. A co-defendant testified before the Grand Jury. His statement was made available for copy and inspection on July 21, 2025, by providing a 2 TB hard drive to the Government.

  4. The defendant's prior criminal record, was made available for copy and inspection on July 21, 2025, by providing a 2 TB hard drive to the Government.

1

    5.    Books, papers, documents, data, photographs, tangible objects, buildings or places, within the government's possession, custody or control, which are material to the preparation of the defendant's defense, or which the government intends to use as evidence at trial to prove its case in chief, or which were obtained from or belong to the defendant were made available for copy and inspection on July 21, 2025, by providing a 2 TB hard drive to the Government.

    The attachments to this discovery response are not necessarily copies of all the books, papers, documents, data, etc., that the government may intend to introduce at trial.

    6.    All scientific tests made in connection with this case were made available for copy and inspection on July 21, 2025, by providing a 2 TB hard drive to the Government.

B.    DEMAND FOR RECIPROCAL DISCOVERY: Pursuant to the Standing Discovery Order, the United States requests the disclosure and production of materials listed in Section (b) of Local Rule 88.10. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C.    The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of *Brady v. Maryland*, 373 U.S. 83 (1963), and *United States v. Agurs*, 427 U.S. 97 (1976).

D.    The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of *Giglio v. United States*, 405 U.S. 150 (1972), or *Napue v. Illinois*, 360 U.S. 264 (1959).

E.    The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

F.    The defendant was identified in connection with this case. Those identifications were made available for copy and inspection on July 21, 2025, by providing a 2 TB hard drive to the Government.

G.    The government has advised its agents and officers involved in this case to preserve all rough notes.

H.    The government will timely advise the defendant of its intent, if any, to introduce at trial extrinsic act evidence pursuant to F.R.E. 404(b). Pursuant

to Local Rule 88.10, the notice will be provided regardless of whether the evidence may be used in the case-in-chief, for impeachment or possible rebuttal, and will include the general nature of the evidence.

You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

I. The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any relevant electronic surveillance that was authorized pursuant to 18 U.S.C. §2516 and 18 U.S.C §2518 and that has been unsealed in accordance with 18 U.S.C §2518.

J. The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K. No contraband is involved in this indictment.

L. If you wish to inspect the automobiles used in the commission of the offense charged, please contact the undersigned.

Security requirements mandate strict compliance with the procedures established for the granting of access for inspection of seized vessels, aircraft and vehicles.

Accordingly, the United States Attorney's Office cannot process last-minute requests for inspection. In order to meet security requirements, all requests to inspect seized vessels, aircraft or automobiles must be received by the AUSA handling the case on or before fifteen (15) days from the date of this Response to the Standing Discovery Order.

If you anticipate that this deadline may create a problem for you or your client, please promptly send written notice to the appropriate AUSA.

M. The government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the defendant.

N. The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference on a future date determined by both parties.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, *Brady, Giglio, Napue*, and the obligation to assure a fair trial.

In addition to the request made above by the government pursuant to the Standing Discovery Order, Local Rule 88.10(b), and Rule 16(b) of the Federal Rules of Criminal Procedure, in accordance with Rule 12.1 of the Federal Rules of Criminal Procedure, the government hereby demands Notice of Alibi defense; the approximate time, date, and place of the offenses is outlined in the Superseding Indictment. This includes from on or about July 2, 2023 through November 2, 2023.

The attachments to this response include all discovery previously provided in 23-CR-20483-ALTMAN Government discovery responses one through seven. All discovery included in this response is subject to the protective order granted in this matter [ECF 58]. Please contact the undersigned Assistant United States Attorney if any pages are missing.

        Respectfully submitted,

        HAYDEN P. O'BYRNE
        UNITED STATES ATTORNEY

By:  /s/ Abbie D. Waxman
     Abbie D. Waxman
     Assistant United States Attorney
     Fla. Bar. No.: 109315
     99 N.E. 4th Street
     Miami, FL 33132-2111

## CERTIFICATE OF SERVICE

  **I HEREBY CERTIFY** that I electronically filed the foregoing document with the Clerk of the Court using CM/ECF on August 7, 2025.

                /s/ Abbie D. Waxman
                Abbie D. Waxman
                Assistant United States Attorney