AO 472 (Rev. 1/25) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America )<br>v. )<br>MICHAEL JARRETT, )<br>*Defendant* ) | Case No.  23-20483-RKA |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☑ **A.** Motion of the Government for a detention hearing pursuant to 18 U.S.C. § 3142(f)(1) because the defendant is charged with:

☑ **(1)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in l8 U.S.C. **(2)** 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

☑ **(2)** an offense for which the maximum sentence is life imprisonment or death; **or**

☐ **(3)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801–904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951–971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501–70508); **or**

☐ **(4)** any felony if such person has been convicted of two or more offenses described in Subparagraphs (1) through (3) of this paragraph or two or more of such offenses if a circumstance giving rise to federal jurisdiction had existed, or a combination thereof; **or**

☐ **(5)** any felony that is not otherwise a crime of violence but involves **(a)** a minor victim; **(b)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(c)** any other dangerous weapon; or **(d)** a failure to register under 18 U.S.C. § 2250;

**OR**

☑ **B.** Motion of the Government or the Court's own motion for a detention hearing pursuant to 18 U.S.C. § 3142(f)(2) because the case involves:

☑ **(1)** a serious risk that the defendant will flee if released; **or**

☐ **(2)** a serious risk that the defendant will obstruct or attempt to obstruct justice or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate a prospective witness or juror if released.

The Court found that the Government established one or more of the factors above, held a detention hearing, and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☑ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

  ☑ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

   ☑ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

   ☑ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**

   ☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801–904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951–971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501–70508); **or**

   ☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs
   (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to federal jurisdiction had existed, or a combination of such offenses; **or**

   ☐ **(e)** any felony that is not otherwise a crime of violence that involves:
   **(i)** a minor victim; **(ii)** the possession or use of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**

  ☐ **(2)** the defendant has been convicted of a federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to federal jurisdiction had existed; **and**

  ☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a federal, State, or local offense; **and**

  ☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

☑ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

  ☐ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801–904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951–971), or Chapter 705 of Title 46 (46 U.S.C. §§ 70501–70508);

  ☑ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

  ☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

  ☐ **(4)** an offense under Chapter 77 of Title 18 (18 U.S.C. §§ 1581–1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

  ☐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☑ **C. Application of Any Presumption Established Above**

  ☐ The defendant has not rebutted the presumption.
  **OR**
  ☑ The defendant has rebutted the presumption.

## Part III - Analysis and Statement of the Reasons for Detention

After considering any applicable presumption, the nature and circumstances of the defendant's alleged conduct, the defendant's history and characteristics, the other factors set forth in 18 U.S.C. § 3142(g), the information presented at the detention hearing, and the available conditions of release under 18 U.S.C. § 3142(c), the Court concludes that the defendant must be detained pending trial because the Government has proven:

- [✔] By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

- [✔] By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

The reasons for detention include the following checked items (*After this list, add any additional items or explanations as needed to comply with the requirement for a written statement of reasons under 18 U.S.C. § 3142(i).*):

- [✔] The offense charged is a crime of violence, a violation of § 1591, a federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device.
- [✔] Weight of evidence against the defendant is strong.
- [✔] Subject to lengthy period of incarceration if convicted.
- [ ] Lack of significant family or other ties to the community.
- [ ] Significant family or other ties outside the United States.
- [ ] Lack of legal status in the United States.
- [ ] Subject to removal or deportation after serving any period of incarceration.
- [ ] Lack of stable residence.
- [ ] Lack of stable employment.
- [ ] Lack of financially responsible sureties.
- [ ] Prior attempt(s) to evade law enforcement.
- [ ] Use of alias(es) or false documents.
- [ ] History of alcohol or substance abuse.
- [✔] Prior criminal history.
- [✔] History of violence or use of weapons.
- [✔] Prior violations of probation, parole, or supervised release.
- [ ] Prior failure to appear in court as ordered.
- [ ] On probation, parole, and/or release pending trial, sentence appeal, or completion of the sentence at the time of the alleged offense.
- [ ] Participation in criminal activity while on probation, parole, or supervision.
- [✔] The defendant's release poses serious danger to any person or the community.

OTHER REASONS OR FURTHER EXPLANATION:
A federal grand jury charged Defendant with stalking, in violation of 18 U.S.C. § 2261A(2)(A); discharging a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii); and conspiracy to use and carry a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(o). *See* ECF No. [201]. On August 14, 2025, the Court held a detention hearing on the Government's oral motion for detention under 18 U.S.C. § 3141(f)(1) and (2). Based on the information contained in the pretrial services report, the evidence proffered at the hearing, the testimony of Special Agent Ryan Dreibelbis and the arguments of counsel, the Court finds the Defendant shall be **DETAINED** pending trial because no condition or combination of conditions of

release will reasonably assure the defendant's appearance as required or the safety of the community.

As noted at the Detention Hearing, the nature of the charges here are very serious and the circumstances of the offense are violent. The Defendant has been accused of stalking the victim, aiding and abetting the discharge a firearm in furtherance of a crime of violence, and conspiracy to use and carry a firearm during a crime of violence. The Court notes that one of the offenses carries a mandatory minimum sentence of ten years and a maximum sentence of life in prison, if convicted, and the Government proffered that, if convicted, it anticipates the Defendant's guidelines will be at the top end of the guidelines chart. And although Defendant argued that Defendant's alleged actions as a getaway driver do not make him a danger to the community, the Government proffered evidence that in a post-*Miranda* statement, Defendant placed himself at the scene of the shooting and mentioned a "shooter" before law enforcement ever mentioned a shooting or a shooter.

Turning to the weight of the evidence, the Government proffered a significant amount of evidence involving video recordings, phone records, highway toll records, cell site data, cell phone extraction data, vehicle identification information, contradictions in Defendant's voluntary pre-arrest interview as compared to his post-arrest, post-*Miranda* interview, among other forms of evidence. As mentioned above, in his post-*Miranda* statement, Defendant placed himself at the shooting location and volunteered the fact that there was a shooter without law enforcement making mention of that. The strong weight of the evidence suggests that Defendant is a danger to the community and may not be incentivized to appear in court as required and abide by any bond conditions, especially when combined with his potential sentencing exposure, if convicted. Although the Defendant argued that he is not a risk of flight because he remained in the district despite his contact with federal agents in May 2024, which indicates his willingness to face any charges, the Court notes that, at the time, the Defendant did not know the strength of the case against him. Since then, the Defendant has learned of the circumstantial but substantial evidence against him in the case and his potential significant sentencing exposure.

Addressing next Defendant's personal history and characteristics, the Court recognizes that there are several mitigating factors, such as being a life-long resident in the District and family ties, namely his mother, in the community. Although Defendant has only one prior criminal case charging multiple crimes, the Court notes one of the offenses involved carrying a concealed firearm, which indicates access to firearms. And, Defendant had three back-to-back probation violations while serving his sentence for these offenses. Following his first violation, Defendant was placed on "community control," which is the equivalent to home confinement, and even under home confinement, he was unable or unwilling to comply with the terms of his probation. Defendant's history of violations is concerning as to whether he would abide by the Court's imposition of conditions of release here, especially because he has demonstrated an inability to comply even under the strictest of terms - home confinement. And the Court notes that these violations are not remote in time, they occurred less than one year before the offense conduct alleged in this case and less than three years ago.

Finally, the Court turns to Defendant's argument that the Government's failure to arrest the Defendant during his consensual interview in May 2024 and its delay in indicting the Defendant indicates he is not a danger to the community. While the Court acknowledges that the Government first made contact with the Defendant in May 2024, the Court has no information as to whether the Government had probable cause at the time to arrest Defendant for the charged offenses and the Court does not know when the Government first had probable cause to arrest. The Court notes, however, that this is not a simple investigation based on a limited number of eye-witness interviews or based on a review of body-worn camera footage. Based on the Government's proffer, the investigation in this case involved numerous search warrants, cell phone extractions, voluminous digital evidence, etc., all of which is time consuming to gather, analyze, and put together. Thus, the Court has insufficient information to weigh this argument.

As the Court finds that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required or the safety of the community, the Defendant shall be **DETAINED** pending trial.

## Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant must be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date:    August 18, 2025

_____
U.S. Magistrate Judge